**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES ALFRED DAVIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 02-CV-0832-CVE-FHM** |
| | ) | |
| **MIKE MULLIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 10) and provided the state court records necessary for adjudication of Petitioner's claims.  Petitioner filed a reply (Dkt. # 15) to Respondent's response.  Petitioner has also filed a motion to certify question to the State Supreme Court (Dkt. # 20) and a "motion for leave/and motion to supplement brief" (Dkt. # 21). For the reasons discussed below, the Court finds the petition shall be denied.  In addition, Petitioner's "motion for leave/and motion to supplement brief" shall be denied and the motion to certify question shall be declared moot.

### *BACKGROUND*

On June 23, 1999, two armed men robbed a Homeland store, in Tulsa Oklahoma.  Police apprehended Petitioner, Charles Alfred Davis, and his co-defendant, Onajae McClean, on the roof of the Homeland store.

Petitioner was charged with Robbery with a Firearm, After Former Conviction of a Felony (Count I), Possession of a Firearm After Former Conviction of a Felony (Count II), and Assault and

Battery with a Dangerous Weapon, After Former Conviction of a Felony (Count III), in Tulsa County District Court, Case No. CF-1999-3034.  Petitioner was tried by a jury and found guilty of Counts I and II.  Count III was dismissed prior to trial.  On May 23, 2000, the trial court sentenced Petitioner to fifty-five (55) years imprisonment and a $500 fine on Count I, and to seven (7) years imprisonment and a $250 fine on Count II, with the sentences to be served consecutively.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  He raised three (3) propositions of error as follows:

Proposition 1:  The crime of possession of a firearm after former felony conviction merged with the robbery with a firearm and should have been dismissed.

Proposition 2:  Prosecutorial misconduct inflamed the passions and prejudices of the jury unfairly affecting the punishment assessed.

Proposition 3:  The trial court erred by submitting instructions that directed a verdict on an element of the offense – possession of a firearm after former conviction of a felony.

(Dkt. # 10, Ex. A).  In an unpublished summary opinion, filed July 13, 2001, in Case No. F-2000-751, the OCCA determined that none of Petitioner's claims was meritorious and affirmed the Judgment and Sentence of the trial court.  (Dkt. # 10, Ex. C).

Petitioner filed an application for post-conviction relief in the state district court.  See Dkt. # 10, Ex. D.  He identified the following propositions of error:

Proposition 1:  Petitioner's trial was tainted due to constructive amendment.

Proposition 2:  Prior conviction used to enhance punishment was void.

Proposition 3:  Convictions based on multiplicity.

Proposition 4:  Petitioner's counsel was ineffective.

(Dkt. # 10, Ex. D).  By order filed August 6, 2002, the state district court denied Petitioner's request for post-conviction relief.  (Dkt. # 10, Ex. E, attachment).  Petitioner appealed and, on September 20, 2002, the OCCA dismissed the post-conviction appeal as untimely under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.  (Dkt. # 10, Ex. F).

Petitioner filed the instant habeas corpus action on October 30, 2002 (Dkt. # 1).  He also filed a brief in support of his petition (Dkt. # 4). In his petition, Petitioner raises the following three (3) grounds of error:

Ground 1:       Trial was tainted due to constructive/variance amendments.

Ground 2:       Convictions based on multiplicity.

Ground 3:       Ineffective assistance of trial and appellate counsel.

(Dkt. # 1).  Respondent contends that all of Petitioner's claims are procedurally barred.

As a preliminary matter, the Court shall address Petitioner's "motion for leave/and motion to supplement brief" (Dkt. # 21), filed in this matter on May 17, 2005.  Petitioner sent his proposed "supplemental brief" along with his motion.  After reviewing the claim asserted in the proposed supplemental brief, the Court finds Petitioner actually seeks leave to amend his petition by adding a fourth ground of error, that the prior conviction used to enhance his punishment was void. Therefore, the "motion for leave/and motion to supplement brief" shall be treated as a motion to amend petition.  Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading).  See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the claim asserted in the proposed supplemental brief is an entirely new claim and does not relate back to the original petition.  See Woodward v. Williams, 263 F.2d 1135, 1142 (10th

3

Cir. 2001) (citing <u>Espinoza-Saenz</u>, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); <u>see also</u> <u>United States v. Duffus</u>, 174 F.3d 333 (3d Cir. 1999).

However, Petitioner fails to recognize the ramifications of the one-year statute of limitations imposed on habeas corpus claims. <u>See</u> 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition. However, his "motion for leave/and motion to supplement brief" was not filed until more than 2 ½ years after filing the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claim does not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow the filing of the proposed supplemental brief adding an additional claim would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2). <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the

4

meaning of § 2244(d)(2)).  Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998), Petitioner is not entitled to equitable tolling in this case.  Equitable tolling may be appropriate where a prisoner is actually innocent.  Id.  However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently.  Id.  In the instant case, Petitioner does not claim to be actually innocent.  In addition, he did not exercise diligence in pursuing the new claim identified in the proposed supplemental brief.  Petitioner states only that he "was negligent because he did not think that the issue was of a constitutional magnitude." See Dkt. # 21.  Petitioner's proffered explanation does not excuse his delay in pursuing the claim.  As a result, the Court finds no basis for equitably tolling the limitations period in this case.  Therefore, the "motion for leave/and motion to supplement brief" shall be denied.  The Court will consider only those claims asserted in the original petition.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed.2d 435 (2000).

**B. Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (quoting <u>Andrews v. Deland</u>, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, Petitioner first raised each of his three habeas claims in an application for post-conviction relief. After the state district court denied relief, <u>see</u> Dkt. # 10. Ex. E attachment, the Oklahoma Court of Criminal Appeals ("OCCA") imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to file his post-conviction petition in error within thirty (30) days of the entry of the district court order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. The OCCA specifically cited to Rule 5.2(C) (providing that "[f]ailure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal"), as authority for the procedural bar. <u>See</u> Dkt. # 10, Ex. F. The state appellate court did not bar Petitioner's claims based on his failure to raise the claims on direct appeal.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." <u>Maes</u>, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground.

See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d

768, 797 (10th Cir. 1998) (concluding that failure to comply with Rule 5.2(C) is an "adequate"

ground because the need for "a copy of the district court's order [to be] filed with the reviewing

court is necessary for proper evaluation of the judgment below"). Therefore, federal habeas corpus

review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice"

for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not

considered.  Coleman v. Thompson, 501 U.S. 722 (1991).

The Court note that this finding of procedural default also extends to Petitioner's ineffective

assistance of counsel claims.  When the underlying claim is ineffective assistance of counsel, the

Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to

the general procedural default rule.  Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994)

(citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the

interplay of two factors: the need for additional fact-finding, along with the need to permit the

petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as

to trial counsel's performance."  Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th

Cir. 1988)).

After reviewing the record in this case, the Court finds that Petitioner's claims of ineffective

assistance of trial and appellate counsel are procedurally barred. Although Petitioner did not raise

his ineffective assistance of trial counsel claim on direct appeal, this Court would not necessarily

be precluded from considering the claim of ineffective assistance of trial counsel on the merits had

Petitioner not procedurally defaulted his claim a second time on post-conviction appeal. See Miller

v. Champion, 161 F.3d 1249 (10th Cir. 1998);  English v. Cody, 146 F.2d 1257, 1264 (10th Cir.

7

1998). The OCCA imposed a procedural bar on Petitioner's ineffective assistance of counsel claims based on Petitioner's failure to comply with Rule 5.2(C), an "independent" and "adequate" state procedural rule. This Court must recognize the default in this case. Cf. Smallwood v. Gibson, 191 F.3d 1257, 1268-69 (10th Cir. 1999) (finding petitioner's failure to raise the factual bases for his ineffective assistance of counsel claims in his first application for state post-conviction relief precluded habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998) (same).

As a result of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply to Respondent's response, Petitioner explains that his post-conviction appeal was dismissed as untimely because it was filed two (2) days[1] late and the OCCA does not recognize the

---

[1]In its order dismissing the post-conviction appeal, the OCCA states that the appeal was filed September 10, 2002, or five (5) days beyond the deadline of September 5, 2002. See Dkt. # 10, Ex. F.

prisoner mailbox rule.  See Dkt. # 15.  Petitioner avers in his Affidavit, attached to his reply, that

he gave his legal work for his post-conviction appeal to his case manager on September 3, 2002.

See Dkt. # 15.  Because the state district court denied post-conviction relief on August 6, 2002,

Petitioner's deadline at the OCCA was September 5, 2002, or only two (2) days after he allegedly

gave his paperwork to his case manager.  In light of that time frame, it appears Petitioner simply

waited too long to give his paperwork to prison officials to insure timely filing at the OCCA.

Petitioner has not provided any evidence suggesting interference by state officials in the delivery

of his post-conviction paperwork or that some objective factor, other than his own actions, impeded

his efforts to comply with the state procedural rules. As a result, the Court finds Petitioner has failed

to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence

under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404

(1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant

must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th

Cir. 2000) (citing Herrera, 506 U.S. at 404).  However, Petitioner does not assert that he is actually

innocent of the crimes for which he was convicted.  As a result, he does not fall within the

fundamental miscarriage of justice exception.  The Court concludes that Petitioner's claims are

procedurally barred and habeas corpus relief must be denied.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Petitioner's "motion for leave/and motion to supplement brief" (Dkt. # 21), treated as a motion to amend petition, is **denied**.

2.    The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.    Petitioner's motion to certify question (Dkt. # 20) is **declared moot**.

**IT IS SO ORDERED** this 13th day of February, 2006.

_____

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT